tirement were so close together as to be part and parcel of the same transaction so that it might properly be said that plaintiff's disabilities were found to exist as a result of physical examinations given in connection with effecting their promotions.

Defendant's motion for summary judgment is denied and plaintiff's motion for summary judgment is granted. Entry of judgment is suspended to await the filing of a report by the General Accounting Office showing the amount due plaintiff in accordance with this opinion.

It is so ordered.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, Judges, concur.

The MIDVALE COMPANY
v.
The UNITED STATES.
No. 643–53.

United States Court of Claims.
Jan. 31, 1956.

Joseph H. Sheppard, Washington, D. C., for plaintiff. J. Marvin Haynes, N. Barr Miller, F. Eberhart Haynes, Oscar L. Tyree and Haynes & Miller, Washington D. C., were on the briefs.

Gilbert E. Andrews, Arlington, Va., with whom was Asst. Atty. Gen. H. Brian Holland, for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

The plaintiff sued to recover $624,922.52, with interest, representing excess profits tax and deficiency interest for the years 1940–1945, inclusive, Midvale Company v. United States, 124 F. Supp. 678, 129 Ct.Cl. 483. The plaintiff contended that the Commissioner of Internal Revenue erroneously computed its excess profits credit under section 711 (b) (1) of the Excess Profits Tax of 1940, as amended, 26 U.S.C. §§ 710–784, note 1946 ed., repealed November 8, 1945, 59 Stat. 568, 26 U.S.C.A. Excess Profits Taxes, page 106, et seq., because the Commissioner erroneously reduced its base period net income by excluding certain amounts received in those years but subsequently repaid to the Government under the Vinson-Trammell Act, 48 Stat. 503, 505, as amended, 34 U.S.C.A. § 496. The plaintiff contended that the income to be used was that shown on the returns for those years, with certain adjustments which did not include an adjustment excluding Vinson Act excessive profits.

This court, in its opinion on October 5, 1954, held that the Vinson Act excessive profits should be excluded from the base period years because section 711(b) (1) required the use of the correct income for the base period years, regardless of what was shown on the return, in the computation of the excess profits credit. We held that the allowance of the tax credit on the money repaid under the Vinson Act automatically and retroactively reduced the income previously reported. In computing this credit the Commissioner determined the amount of taxes paid on the excessive profits in the base period years on the basis of the completed contract method, whereas the plaintiff had reported the income on the percentage of completion method. This was erroneous. In order to ascertain the correct income for the base period years and therefore the proper excess profits credit, judgment was suspended pending the filing of a stipulation showing the correct computation of the plaintiff's income for the base period years, or upon the failure of such stipulation then the case was to be remanded to a commissioner of this court. The case was subsequently remanded.

The commissioner of this court submitted his report with alternative computations. The alternative computations arise as a result of an error made by a revenue agent in the audit made in 1943, in failing to correctly compute the plaintiff's Declared Value Excess Profits (D. V. E. P.) taxes for the base period years. Two revenue agents made audits and reports on plaintiff's claims for refund. In the first report the revenue agent did not exclude the Vinson Act excessive profits and determined plaintiff's D. V. E. P. taxes for the base period years on that basis. In the second report another revenue agent excluded the excessive profits but used substantially the same D. V. E. P. taxes, which is conceded by defendant to have been incorrect. Since the D. V. E. P. taxes are a deduction from income in determining the excess profits net income, plaintiff's excess profits net income was understated in the base period years by this error.

The defendant contends, however, that this court lacks jurisdiction to award plaintiff anything in this case because plaintiff's claims for refund do not specifically set forth, as a ground for recovery, that the Commissioner erroneously used the completed contract method in determining the Vinson Act excessive profits tax credit. The defendant further contends that the revenue agent's error cannot be corrected because plaintiff's claims for refund do not specifically set forth the error as a ground for recovery.

 We think that both contentions of defendant are without merit. It is undisputed that a taxpayer cannot recover in court on a ground different from that asserted in the claim for refund, unless there is some action of the Commissioner which amounts to a waiver or estoppel. The plaintiff's claim for refund, *inter alia,* stated:

"The Internal Revenue Bureau has erroneously determined this taxpayer's excess profits tax payable in the amount stated in Item 6, Form 843, by failing to compute correctly its excess profits tax credit based on its average base period net income.

"In the determination of this taxpayer's average base period net income for the years 1936 to 1939, inclusive, the Internal Revenue Bureau has erroneously and illegally reduced the same by the following payments which this taxpayer made to the U. S. Treasury Department under the Vinson Act: * * * "

The above statements, along with the detail furnished in the claims for refund, are sufficient to support the refunds in this case, which are predicated on the ground that the Commissioner of Internal Revenue erroneously computed plaintiff's excess profits credit because of his incorrect treatment of the repayments of the Vinson Act excessive profits. Both errors of the Commissioner are covered generally in the grounds set forth in the claims for refund and are directly related to the specific issue of whether the excessive profits should be included or excluded from the base period years.

The plaintiff is entitled to recover the amounts set forth in Table VIII in finding 8, less the amounts shown in Table IX of that finding.

Judgment will be entered for plaintiff for overpayment of excess profits taxes and deficiency interest, less the income tax deficiencies, as follows: For 1940, $7,848.36 and $4,133.26; for 1941, $13,494.74 and $6,297.19, less $4,039.73; for 1942, $18,212.81 and $6,970.77, less $8,811.15; for 1943, $35,685.16 and $5,935.16, less $17,622.30, and for 1944, $37,667.67 and $4,004.83, less $17,622.30, with appropriate interest as provided by law on the respective amounts.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.

**Milton NEUFELD**

v.

**The UNITED STATES.**

No. 116–54.

United States Court of Claims.

Jan. 31, 1956.

